**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN OF PENNSYLVANIA**

| | | |
|---|---|---|
| INA BOYD<br>1850 South 54th Street<br>Philadelphia, PA 19143<br><br>Plaintiff,<br><br>v.<br><br>BWW RESOURCES, LLC d/b/a BUFFALO WILD WINGS<br>1510 Egypt Road<br>Phoenixville, PA 19460<br><br>Defendant. | : | CIVIL NO. ____________________<br><br>**JURY TRIAL DEMANDED** |

**COMPLAINT – CIVIL ACTION**

Plaintiff, Ina Boyd ("Plaintiff"), by and through her undersigned attorney, for her Complaint against Defendant BWW Resources, LLC d/b/a Buffalo Wild Wings ("Defendant"), alleges as follows:

**INTRODUCTION**

1. Plaintiff brings this Complaint contending that Defendant has violated Plaintiff's rights protected by Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e, *et seq.* ("Title VII") and the Pennsylvania Human Relations Act ("PHRA"). As a result, Plaintiff has suffered damages as set forth herein.

**PARTIES**

2. Plaintiff Ina Boyd is an African-American female and citizen of the United States who presently maintains a residence at 1850 South 54th Street, Philadelphia, PA 19143.

3. Defendant BWW Resources, LLC d/b/a Buffalo Wild Wings is a for-profit business entity that maintains a registered business address of 1510 Egypt Road, Phoenixville, PA 19460.

## JURISDICTION AND VENUE

4. On or about June 3, 2024, Plaintiff filed a Charge of Discrimination with the United States Equal Employment Opportunity Commission ("EEOC") thereby satisfying the requirements of 42 U.S.C. 200035(b) and (e). Plaintiff's EEOC Charge was docketed as EEOC Charge No. 530-2024-06488, and was filed within one hundred and eighty (180) days of the unlawful employment practice.

5. By correspondence dated June 9, 2026, Plaintiff received a Notice of Right to Sue from the EEOC regarding her Charge, advising her that she had ninety (90) days to file suit against Defendant.

6. Plaintiff has therefore exhausted her administrative remedies and has complied with all conditions precedent to maintaining this action.

7. This action is authorized and initiated pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq*. ("Title VII").

8. This court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331 and § 1343, as it is a civil rights action under the laws of the United States.

9. The venue in this district is proper pursuant to 28 U.S.C. § 1391, inasmuch as the Defendant maintains a place of business in Pennsylvania at which Plaintiff worked and the events giving rise to this action occurred in this judicial district.

## FACTUAL BACKGROUND

10. Paragraphs 1 through 9 are hereby incorporated by reference as though the same were fully set forth at length herein.

11. Plaintiff began her employment with Defendant in or around 2014 in the position of Server.

12. At all times relevant hereto, Plaintiff performed her job well, receiving praise and positive reviews, and was subjected to no justifiable discipline.

13. Throughout the course of Plaintiff's employment with Defendant, Plaintiff was subjected to discrimination and retaliation because of her color and/or race.

14. More specifically, Plaintiff was subjected to discrimination and retaliation because of her color and/or race by her supervisor, Assistant General Manager William Prasner ("Mr. Prasner").

15. By way of example, Mr. Prasner would separate black employees and white employees into different sections.

16. Plaintiff complained to Mr. Prasner, asking him why he was doing this.

17. In response, Mr. Prasner directly stated, "Well, I separate my laundry, don't I?"

18. The comment about separating laundry clearly referred to separating white and dark clothing, and was made specifically towards Plaintiff.

19. By way of further example, Plaintiff was having a conversation about food with Defendant's Manager, Chandi Last Name Unknown ("Chandi LNU").

20. During the conversation, Plaintiff stated that she did not like Kool-Aid because it was too sweet for her taste.

21. Mr. Prasner quickly inserted himself into the conversation, stating, specifically to Plaintiff, "Watermelon and fried chicken at cookouts."

22. The comment clearly referred/was in derogatory reference to Plaintiff's color and/or race.

23. Plaintiff proceeded to write down the comment.

24. Mr. Prasner stated, "Go ahead, put that down in your little notebook."

25. Plaintiff found Mr. Prasner's comments, actions, and behaviors to be offensive, racially discriminatory, and uncomfortable.

26. Accordingly, on or about December 11, 2023, Plaintiff lodged a complaint/report of discrimination.

27. Mr. Prasner's comments, actions, and behaviors continued.

28. Upon information and belief, Defendant eventually conducted an "investigation," which found Mr. Prasner's comments, actions, and behaviors to indeed be inappropriate and racially motivated.

29. However, all Plaintiff was told was that Mr. Prasner was "apologetic" and that Defendant "worked it out."

30. To be clear, Mr. Prasner was Plaintiff's supervisor, who subjected Plaintiff to discrimination for months without any remedial action taking place.

31. Subsequent to Plaintiff's report/complaint of discrimination, Plaintiff began to be retaliated against.

32. Plaintiff noticed a change in the workplace and that she was being treated differently.

33. By way of example, Mr. Prasner would change Plaintiff's work schedule, now not scheduling Plaintiff for double shifts any longer and instead scheduling Plaintiff for the least desirable shifts.

34. At the same time, Plaintiff noticed that non-African-American employees continued to be scheduled for double shifts.

35. At the same time, Defendant suddenly began to closely monitor Plaintiff, looking for any possible reason to discipline her.

36. Plaintiff began to receive scrutiny for anything she did, even when not factually accurate.

37. None of the aforementioned occurred prior to Plaintiff's complaint/report of discrimination.

38. Shortly thereafter, on or about January 18, 2024, Defendant suddenly and unexpectedly terminated Plaintiff from her employment.

39. Defendant did not provide Plaintiff with a reason that made factual sense to Plaintiff.

40. Plaintiff inquired as to the reason for her termination.

41. Defendant did could not provide any factually accurate reason for the termination.

42. Accordingly, it is believed and therefore averred that Plaintiff was actually terminated because of her color and/or race (African-American) and/or in retaliation for her good-faith complaint/report of discrimination in connection thereto, in violation of Title VII and the PHRA.

43. As a result of Defendant's aforesaid illegal actions, Plaintiff has suffered damages.

**COUNT I**
**TITLE VII OF THE CIVIL RIGHTS ACT OF 1964**
**42 U.S.C. § 2000e, *et seq*.**
**DISCRIMINATION and RETALIATION**

44. Paragraphs 1 through 43 are hereby incorporated by reference as though the same were fully set forth at length herein.

45. Defendant employed at least fifteen (15) employees at its various locations at all times relevant hereto.

46. Plaintiff is an African-American and as such is a member of a class protected under Title VII from unlawful discrimination because of race and/or color.

47. Plaintiff was subjected to discrimination, as described at length above, on the basis of her race and/or color.

48. Plaintiff's complaint of race and/or color discrimination constituted protected activity within the meaning of Title VII.

49. Despite Defendant's knowledge that Plaintiff was subjected to discrimination on the basis of her race and/or color, Defendant failed to take appropriate remedial action to counter the harassment, which continued unabated until Plaintiff's termination.

50. Plaintiff was terminated on the basis of her race and/or color and in a clear act of retaliation for her reports of discrimination.

51. Defendant's conduct as alleged herein constitutes unlawful discrimination because of race and/or color and in retaliation for opposing workplace discrimination in violation of Title VII.

52. As a result of Defendant's deliberate, unlawful, and malicious actions as set forth above, Plaintiff has suffered loss of employment, promotion benefits, earnings and earnings potential, and other significant economic benefits, emotional pain and suffering, emotional distress, and humiliation.

**WHEREFORE**, as a result of the unlawful conduct of Defendant, Plaintiff respectfully requests that this Court enter judgment in her favor and against Defendant, and grant her the maximum relief allowed by law, including, but not limited to:

A. Back wages and front pay, in an amount to be determined at trial, but no less than one hundred and fifty thousand dollars ($150,000.00).

B. Punitive, compensatory, and/or exemplary damages in an amount to be determined at trial, but sufficient to punish Defendant for its intentional, negligent, willful, wanton, and/or malicious conduct;

C. Plaintiff's costs, disbursements, and attorney's fees incurred in prosecuting this action;

D. Pre-judgment interest in an appropriate amount; and

E. Such other and further relief as is just and equitable under the circumstances.

**COUNT II**
**THE PENNSYLVANIA HUMAN RELATIONS ACT**
**43 PA. C.S.A. § 951, *et seq.***
**DISCRIMINATION and RETALIATION**

53. Paragraphs 1 through 52 are hereby incorporated by reference as though the same were more fully set forth at length herein.

54. At all times relevant hereto, Plaintiff was an employee within the meaning of the PHRA.

55. Pursuant to the PHRA, Defendant unlawfully and illegally discriminated against Plaintiff on the basis of her race and/or color.

56. Defendant acted with malice and with reckless indifference to Plaintiff's civil rights and emotional and physical well-being.

57. Because of Defendant's unlawful acts, Plaintiff suffered damage in the form of, *inter alia*, loss of past and future wages and compensation, loss of reputation and standing in the professional community, personal humiliation, embarrassment, and loss of life's enjoyment.

58. As a result of Defendant's deliberate, unlawful, and malicious actions as set forth above, Plaintiff has suffered loss of employment, promotion benefits, earnings and earnings potential, and loss of other significant economic benefits.

59. As a direct and proximate result of Defendant's illegal discrimination, Plaintiff has suffered and will continue to suffer harm, and is entitled to all legal and equitable remedies available under the PHRA.

**WHEREFORE**, Plaintiff respectfully requests that this Court enter judgment in her favor and against Defendant and grant the maximum relief allowed by law, including, but not limited to:

A. Back wages, front pay, loss of fringe benefits, and raises in an amount to be determined at trial;

B. Compensatory, exemplary, and/or punitive damages;

C. Pre-judgment interest in an appropriate amount; and

D. Such other and further relief as is just and equitable under the circumstances;

E. Any verdict in favor of Plaintiff is to be molded by the Court to maximize the financial recovery available to Plaintiff in light of the caps on certain damages set forth by applicable law.

**JURY DEMAND**

Plaintiff hereby demands a trial by jury as to all issues so triable.

Respectfully submitted

**MURPHY LAW GROUP, LLC**

By: */s/ Andrew J. Schreiber*
Andrew J. Schreiber, Esq.
Michael Murphy, Esq.
Eight Penn Center, Suite 2000
1628 John F. Kennedy Blvd.
Philadelphia, PA 19103
TEL: 267-273-1054
FAX: 215-525-021
aschreiber@phillyemploymentlawyer.com
murphy@phillyemploymentlawyer.com
*Attorneys for Plaintiff*

Dated: September 2, 2026

**DEMAND TO PRESERVE EVIDENCE**

The Defendant is hereby demanded to preserve all physical and electronic information pertaining in any way to Plaintiff's employment, to her potential claims and her claims to damages, to any defenses to same, including, but not limited to electronic data storage, employment files, files, memos, job descriptions, text messages, e-mails, spreadsheets, images, cache memory, payroll records, paystubs, time records, timesheets, and any other information and/or data which may be relevant to any claim or defense in this litigation.